UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Lee on behalf of G.L. and E.L and Michael Lee individually,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>Amazon.com, Inc, Schylling Associates, Inc., and As Seen on TV People, LLC,<br><br>　　　　　　　　　　Defendants. | 25-cv-5375 (AS)<br><br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Defendants' motion to dismiss is GRANTED. Plaintiffs are granted leave to amend their complaint to add information about the TikTok video and any other publicly known warnings about putting the Dream Drop toy in the microwave. The parties are informed that, although it isn't presently teed up, in the Court's view a viral TikTok video and a warning from a body like the Consumer Product Safety Commission seem like enough to get past a motion to dismiss on tort theories that relate to a failure to warn or the reasonable foreseeability that the product would be used this way. The parties should proceed accordingly.

That said, plaintiffs are strongly encouraged in their amended complaint to ditch any outlandish legal theories and focus on their strongest ones. In reviewing the complaint, the Court noticed multiple issues that, if they continue to persist, will make reaching a resolution in this case more difficult than it needs to be. For example: The complaint has multiple claims of "strict liability in tort" but doesn't specify whether this is a claim of design defect, manufacturing defect, or a warning defect (or what allegations would support any of those theories). Further, Count 13 doesn't properly name the tort action (which would be negligent infliction of emotional distress) and Count 14 doesn't name any tort or legal claim at all.

The parties are also encouraged to meet and confer to figure out if this dispute would be better resolved through mediation.

The Court dismisses each count named in the motion to dismiss for the reasons explained briefly below. The core problem with many of these is that plaintiffs' pleading is threadbare. It has only nine paragraphs that describe the facts of this case (and then a few hundred more that contain perfunctory legal conclusions). That isn't by itself fatal, but so little is pleaded here that plaintiffs' principal theories of these claims are simply unsupported by anything in the complaint.

- Count 2: Dismissed because this is pleaded to turn either on a defective product or on "due notice," but the complaint contains no information about the defect (or even what the product is made of) or anything to support notice.

- Count 3: Dismissed for the same reasons.
- Count 5: Dismissed because plaintiffs don't identify a specific warranty statement (for explicit warranty), *Dunham v. Covidien LP*, 2019 WL 6341179, at *6 (S.D.N.Y. Nov. 27, 2019) or that microwaving the toy was the "ordinary purpose[] for which such goods are used" (for implied warranty), *id.*
- Count 6: Dismissed for the same reasons.
- Count 8: Dismissed because this is argued as a failure to warn theory, which applies only to "dangers resulting from foreseeable uses about which [defendant] knew or should have known," *In re Fosamax Prods. Liab. Litig.*, 924 F. Supp. 2d 477, 486 (S.D.N.Y. 2013), and nothing in the complaint supports any inference that defendants knew or should have known that people would try to microwave a rubber toy filled with chemicals.
- Count 9: Dismissed for the same reasons.
- Count 11: Dismissed because this action for "strict liability in tort" merely echoes the same theory of a product defect but, as described, alleges no information about that defect beyond conclusory statements.
- Count 12: Dismissed for the same reasons.
- Count 13: Dismissed because the complaint has no factual pleadings that would support negligence. The Court construes this as a negligent infliction of emotional distress claim. That requires a breached duty of care. *JG & PG ex rel. JGIII v. Card*, 2009 WL 2986640, at *9 (S.D.N.Y. Sept. 17, 2009).
- Count 14: Dismissed because no legal claim is identified. To the degree that this count identifies a loss of consortium claim, it's dismissed because "[i]n New York, parents generally cannot recover for loss of consortium for their children." *S.M. v. Madura*, 223 A.D.3d 486, 487 (N.Y. App. Div. 2024). The exception is when "the child contributed to household income or paid a part of household expenses." *Id.* The complaint contains no such allegation beyond the vague conclusory allegation that Michael Lee has been "deprived of the services of his daughters" (G.L, according to the briefing, is 8 years old). Dkts. 1-1 ¶ 259, 14-1 at 17.

The Clerk of Court is respectfully directed to terminate ECF No. 5.

SO ORDERED.

Dated: February 6, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2